IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OSCAR FERNANDO GONZALEZ OBREGON** | § § § § § | |
| *Plaintiff,* | § | CAUSE NO. 4:24-CV-03371 |
| v. | § § | |
| **JORGE ROMO** | § § | |
| *Defendant.* | § | |

## REPLY IN SUPPORT OF MOTION FOR RECOGNITION OF FOREIGN JUDGMENT

Judgment Creditor Oscar Fernando Gonzalez Obregon ("Gonzalez," "Plaintiff," or "Judgment Creditor") files this Reply in Support of his Motion for Recognition of Foreign Judgment (the "Motion") against Defendant/Judgment Debtor Jorge Romo Jr. ("Romo," "Defendant," or "Judgment Debtor") and respectfully pleads as follows.

## I.
## REPLY

1. Romo's Response[1] both fails to address key points of Gonzalez's Motion and fails to provide a sufficient basis for this Court to refuse recognition. If anything, the Response serves to underscore Defendant's delay tactics when it comes to repaying the 6+ year old debt owed to Gonzalez, as the Response was filed more than *two months* after the Motion docket date and the night before the parties' status conference with the Honorable Judge Ewing Werlein, Jr.

2. As described herein, the bases provided by Romo are insufficient to prevent recognition. "The Texas Recognition Act's due process standard requires only that the foreign

---

[1] Dkt. No. 8. Romo styles his response as a "supplemental response," yet, Romo has not filed nor served any kind of response to Gonzalez's Motion at any point in time.

MOTION FOR RECOGNITION OF FOREIGN JUDGMENT    Page 1
43333738

proceedings be fundamentally fair and inoffensive to 'basic fairness.' This standard sets a high bar for non-recognition." *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 383–84 (5th Cir. 2015) (internal citation omitted). Romo's response does not come close to crossing the "high bar" required. As such, the Court should grant Gonzalez's Motion and allow him to begin collecting on a debt that should have been paid close to six years ago.

**A.     Romo's unsupported description of the merits is irrelevant for recognition purposes.**

3.     Romo spends a large portion of his Response attempting to relitigate the merits of the dispute. He claims: (1) there was no money ever exchanged; (2) Gonzalez had tried to sue Romo in Houston, Texas before; (3) there was an "ongoing dispute over the judgement's enforceability under U.S. law" and "unresolved legal battles" in 2023. In doing so, Romo repeatedly cites to "Mexican court records" yet does not point this Court to, nor attach, said records.

4.      Gonzalez, on the other hand, provided a detailed recitation of the facts of this case, with evidentiary support, in his Motion. Gonzalez describes how he first attempted to bring suit in Texas against Romo, ***but it was Romo*** who said suit should be brought in Aguascalientes, Mexico when he filed a motion to dismiss for forum non conveniens.[2] Therein, Romo further swore he "has an address in Mexico where he can be served as well."[3] Said address was "C. Crisantemos 150 Cp.20100 Club Campestre, C.P 20100, Aguascalientes. AGS 7F," the same address Gonzalez attempted service at: [4]

---

[2] *Compare* Dkt. No. 6 ¶ 9 & Exhibit F *with* Dkt. No. 6 ¶ 13 & Exhibit G pg. 7.

[3] *See* Dkt. No. 6 ¶ 9 & Exhibit C pg. 6.

[4] *See* Dkt. No. 6 ¶ 9 & Exhibit C pg. 6.



5. Nevertheless, "the Court's inquiry under [the UFCMJRA's predecessor] focuses on the fairness of the foreign judicial system as a whole, and we do not parse the particular judgment challenged." *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 381 (5th Cir. 2015). As such, Romo's invitation for this Court to parse through the merits of the judgement is improper and should be rejected.

**B. Romo's alleged "specific due process violations" have been found without merit or are contrary to Texas and SCOTUS law.**

6. When Romo actually addresses the standard, his Response still falls flat. The alleged due process violations were either: (1) not due process violations under binding precedent; or (2) already found without merit.

7. <u>Improper Service of Process.</u> First, Romo conclusively states that "as Plaintiffs have asserted that Defendant was impossible to be found in Mexico, and they had his address and ability to locate him in Texas (as they had done so before AND after this Mexican case) the Hague Convention was implicated."[5] Romo's statement ignores the case law Gonzalez provided to this Court—indeed, Romo doesn't even attempt to refute it. As the Supreme Court held in *Schlunk* and *Water Splash*, the Hague Convention does not apply where "service on a domestic agent is valid and complete under both state law and the Due Process Clause." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988); *see Water Splash, Inc. v. Menon*, 581

---

[5] Response ¶ 23.

U.S. 271, 277 (2017) (reinforcing the Hague Convention only applies "when there is both transmission of a document from the requesting state to the receiving state, and service upon the person for whom it was intended"). In fact, by Romo's own admission of non-service abroad, he admits that service was effectuated: (1) via publication under the laws of Aguascalientes, Mexico and (2) not through in person service in Houston, Texas. The first comports with Mexican "state law" and the Due Process Clause,[6] and the second, brings service on Romo outside the reach of the Hague Convention.

8. Additionally, Romo fails to address the issue of international comity and res judicata, except for a conclusive statement that "the procedures in such a case are not binding on any Texas or Federal Court." While it may be true said procedures are not "binding," international comity "is more than 'mere courtesy and good will.'" *Derr v. Swarek*, 766 F.3d 430, 438 (5th Cir. 2014) (quoting *Hilton v. Guyot*, 159 U.S. 113, 164 (1895)). Moreover, Romo does not provide any reason why comity *should not* be honored here.

9. <u>Lack of Notice and Opportunity to Be Heard.</u> Similarly, Romo does nothing more than conclusively state he did not receive notice and had no chance to be heard. Not only did the Aguascalientes Court of Appeals find this argument without merit, but it is also undisputed he was represented by counsel in the appeal of the Mexican Judgment twice and lost twice.[7] These appeals are "opportunities to be heard" as a matter of law. *In re Carmona*, 580 B.R. 690, 712 (Bankr. S.D.

---

[6] *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950) ("This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.") (citing *Cunnius v. Reading Sch. Dist*, 198 U.S. 458 (1905); *Blinn v. Nelson*, 222 U.S. 1 (1911); and *Jacob v. Roberts*, 223 U.S. 261 (1912)). "Mullane remains the seminal case involving notice by publication, and it explains how to evaluate the adequacy of notice." *In re E.R.*, 385 S.W.3d 552, 558 (Tex. 2012). To the extent the Mexican equivalent of the due process clause applies, the Aguascalientes Court of Appeals also conducted the same analysis and found service sufficient. *See* Exhibit G pg. 15.

[7] *See* Exhibit G (denying appeal); Exhibit I pg. 1 (denying amparo, a form of a constitutional habeas appeal).

Tex. 2018) ("MER exercised her right to appeal despite her dissatisfaction with the results. Accordingly, this Court finds that MER had multiple opportunities to be heard in Mexico.")

10. <u>Procedural Irregularities and Judicial Bias.</u> Next, Romo claims that there are "substantial doubts about the impartiality and integrity of the judicial proceedings" because there were "accelerated hearings without proper notice, denial of motions without adequate explanation, and the issuance of a [default judgment] without confirming proper service."[8] Romo does so without any analysis or evidence of how: (1) the hearings were accelerated; (2) the denial of Romo's relief did not provide an adequate explanation; or (3) how the Aguascalientes Court did not "confirm proper service," let alone how there was any judicial bias. Indeed, the evidence provided by Gonzalez shows: (1) more than three years between filing of the suit in Aguascalientes and judgment;[9] (2) a thorough and well-reasoned appellate decision by the Aguascalientes Court of Appeals;[10] and (3) how the Aguascalientes Trial Court denied Gonzalez's request for service by publication *two times* before it finally granted Gonzalez's request the third time, over a span of six months and after asking 11 different government agencies to disclose Romo's address.[11] There was nothing accelerated, irregular, or without explanation regarding this judicial process.

11. <u>Failure to Provide a Meaningful Defense.</u> Romo claims that the "failure to rectify due process violations at the appellate level further highlights the incompatibility of the Mexican proceedings with the fundamental principles of due process recognized under Texas law."[12] Romo conflates the Aguascalientes Court of Appeals finding his claims meritless with an "incompatible"

---

[8] Response ¶ 25.

[9] *See* Motion ¶¶ 11 & 19 (showing suit was filed November 20, 2019, and judgment was granted January 3, 2023).

[10] *See generally* Exhibit G.

[11] Motion ¶¶ 11–19.

[12] Response ¶ 25.

proceeding. Romo does not provide this Court any evidence of an "unfair" tribunal, he just merely complains that the Aguascalientes Court of Appeals disagreed with him. This is insufficient. *Presley v. N.V. Masureel Veredeling*, 370 S.W.3d 425, 434 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("Although Presley disputes the Belgium court's determination . . . we conclude that the record does not support Presley's assertions that the Belgium courts failed to provide her with an impartial tribunal and the procedures used by the Belgium courts were 'incompatible' with due process of law. Presley has not cited any authority for the proposition that a ruling like that reached by the Belgium courts under the circumstance here, . . . renders the foreign country's procedures fundamentally unfair.")

**C.    The Mexican Judgment was not obtained by fraud, and Romo has waived any argument it was.**

12.    Next, Romo claims Gonzalez defrauded the Court because Romo did not provide any other addresses he supposedly knew of in 2019. However, Romo neither: (1) provides the Court any evidence of fraud by Gonzalez; or (2) raised this argument before the Aguascalientes Trial Court or Court of Appeals. Indeed, Romo presented a Cancun driver's license and telephone bill[13] to the Aguascalientes Court of Appeals—he did not present ***any evidence*** of a Houston address besides the address Gonzalez identified and attempted service at. By failing to do so, he is precluded from now collaterally attacking the Mexican Judgment, especially considering his claim is baseless. *Mariles v. Hector*, No. 05-16-00814-CV, 2018 WL 3723104, at *7 (Tex. App.—Dallas Aug. 6, 2018, no pet.) (refusing argument that there was fraud on the court where judgment debtor provided no evidence of fraud and had prior opportunity to assert fraud allegation in Mexican court); *see also Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 902 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding a judgment debtor is precluded from collaterally attacking

---

[13] Exhibit G. pg. 21–22.

a foreign judgment when judgment debtor had the opportunity to litigate the issue in prior court) (citing *The Courage Co. v. The Chemshare Corp.*, 93 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). As such, there is nothing to support any allegations of "fraud on the court."

**D.     The Mexican interest rate is not usurious or repugnant.**

13.     Finally, Romo claims the Mexican Judgment is repugnant because it has an annual interest rate of 36.96%. Romo provides no case law or evidence to surpass "the high burden placed by the Fifth Circuit" to find a foreign judgment repugnant. *See In re Carmona*, 580 B.R. at 713 (citing *Southwest Livestock and Trucking Co. v. Ramon*, 169 F.3d 317, 321 (5th Cir. 1999)). Indeed, Texas routinely recognizes *and enforces* agreements with interest rates that would be usurious under Texas law. *See Saturn Capital Corp. v. Dorsey*, No. 01-04-00626-CV, 2006 WL 1767602, at *9 (Tex. App.—Houston [1st Dist.] June 29, 2006, pet. denied) (affirming summary judgment on usury claim where promissory note applied Oregon usury law which conflicted with Texas usury law). In fact, in an on-point manner, the Fifth Circuit has specifically upheld a 50% interest rate between a Texas corporation and its Mexican lender when the Mexican lender attempted to domesticate a Mexican judgment. *See Sw. Livestock & Trucking Co.*, 169 F.3d at 323.

**II.**
**<u>CONCLUSION</u>**

14.     Romo's continued attempts to delay justice should not be entertained. This Court should refuse to allow Romo's obstructionist tactics, recognize the Mexican Judgment, and grant Gonzalez all relief to which he may be entitled to, in law or in equity.

Respectfully Submitted,

Jackson Walker L.L.P.

By: _____
JAVIER GONZALEZ
Texas State Bar No. 24119697
S.D. Texas Bar No. 3722324
jgonzalez@jw.com
Tel. (713) 752-4200
1401 McKinney, Suite 1900
Houston, TX 77010

**ATTORNEYS FOR JUDGMENT DEBTOR OSCAR FERNANDO GONZALEZ OBREGON**

## CERTIFICATE OF SERVICE

      I certify that on January 15, 2025, a true and correct copy of the foregoing instrument was served upon all counsel of record and/or parties via ECF, in compliance with Fed. R. Civ. P. 5.

**SAN MIGUEL ATTORNEYS, P.C.**
Alan Ray San Miguel
Texas Bar No. 24072323
Grant McEwen
Texas Bar No. 24062880
Email: service@sanmiguel.law
25211 Grogans Mill Road, Suite 110
The Woodlands, Texas 77380
Tel: (713) 795-5299
Fax: (713) 554-0611
**Attorneys for Judgment Debtor**
**Jorge Romo, Jr.**

                                                        */s/ Javier Gonzalez*
                                                        Javier Gonzalez