United States District Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|                                                    |       |                        |
| -------------------------------------------------- | ----- | ---------------------- |
| OSCAR FERNANDO GONZALEZ OBREGON, *Plaintiff*,      | §§§§  |                        |
| vs.                                                | §     | Case No. 4:24-cv-3371  |
| JORGE ROMO, JR., *Defendant.*                      | §§§   |                        |

## MEMORANDUM AND ORDER[1]

Before the Court is Plaintiff's motion for recognition of a foreign judgment. ECF No. 6. Plaintiff asks the Court to domesticate a judgment he obtained against Defendant in an Aguascalientes, Mexico trial court, so that Plaintiff "may now collect what is owed to him." ECF No. 6 at 6. Based on the briefing,[2] counsel's argument at hearing,[3] the applicable law, and the record, the Court finds that there is no viable ground for mandatory or permissive non-recognition under the Uniform

---

[1] Based on the consent of both parties, this matter was transferred to the undersigned. ECF No. 15.

[2] Defendant filed a response, ECF No. 12. Plaintiff filed a reply. ECF No. 16. Defendant filed an opposed motion for leave to file a sur-reply. ECF No. 23. Defendant's new counsel appeared after Defendant filed a response. ECF Nos. 12; 19; 21. Defendant contends that there has been no delay given that his counsel has only been in the case for one week before filing the sur-reply and that the sur-reply is necessary to clarify certain portions of the record. ECF No. 23. Defendant's motion for leave is granted. ECF No. 23. Defendant's sur-reply, ECF No. 23-1 is properly before the Court.

[3] The Court heard argument on the pending motions on March 12, 2025. ECF No. 25. Defendant requested leave to file a motion for summary judgment, noting that he is new counsel on this case and was hired after the response was filed. Plaintiff objected, arguing that all necessary information is before the Court, Defendant has been granted a fair opportunity to make his case, and this is a further delay tactic. Further briefing on this issue is unnecessary.

Foreign-Country Money Judgment Recognition Act ("the Act"), Tex. Civ. Prac. & Rem. Code §§ 36A.001 *et seq*., and, therefore, Plaintiff's motion is granted.

## I.    BACKGROUND

On December 14, 2018, Plaintiff and Defendant entered a promissory note (the "Note"). Under the terms of the Note, Plaintiff loaned Defendant 17,000,000.00 Mexican pesos. Defendant agreed to repay the loan on or before January 31, 2019. The Note bore an interest rate of 3.08% monthly if not repaid when due. ECF No. 6-1. Defendant defaulted on the loan.

Because Defendant failed to pay, on October 28, 2019, Plaintiff sued Defendant in Texas state court (the "Texas Lawsuit"). ECF No. 6-2. Plaintiff served Defendant at his Texas residence at: 29 Mayapple Blossom Place, Tomball, Texas 77375. ECF Nos. 6-3; 6-4. Defendant appeared and filed a plea to the jurisdiction and a motion to dismiss based on forum non conveniens, essentially arguing that Texas lacked jurisdiction and was an inconvenient forum, instead pointing to Mexico as the appropriate forum. ECF Nos. 6-3; 6-4. In support of his argument, Defendant provided an affidavit acquiescing to suit in Mexico and an electricity bill for an address in Mexico where he could be served. ECF Nos. 6-6; 6-7. Based on these representations, Plaintiff non-suited the Texas Lawsuit on June 12, 2020. ECF No. 6-8 at 5.

Again, based on Defendant's representations, before non-suiting the Texas

Lawsuit, on November 20, 2019, Plaintiff initiated suit in Mexico (the "Mexican Lawsuit") in the Third Commercial Court for Aguascalientes, Mexico (the "Aguascalientes Trial Court"). For the next three years, Plaintiff and the Aguascalientes Trial Court attempted to serve Defendant with notice of the Mexican Lawsuit. Within a month of the filing of suit, on December 16, 2019, the Aguascalientes Trial Court ordered a letter rogatory to be sent to Harris County for service on Defendant at his Mayapple Blossom Place address in Tomball, Texas. On June 10, 2020, the court sent a reminder letter to the State Delegate of the Ministry of Foreign Affairs, who reported back that the Consulate General of Mexico had not informed the Ministry of any completion. ECF No. 6-8 at 6–7. On January 20, 2021, and March 2, 2021, Plaintiff requested contact with seven agencies[4] for information about Defendant's addresses, which the Aguascalientes Trial Court granted on January 22 and March 9, 2021, respectively. ECF No. 6-8 at 7. These efforts returned three potential addresses, one of which was the same address listed on the electricity bill Defendant provided in the Texas Lawsuit. ECF No. 6-8 at 7. Despite three attempts made from August 13, 2021 through January 6, 2022, service at these addresses proved unsuccessful. ECF No. 6-8 at 8.

---

[4] (1) State Ministerial Police, (2) Federal Electricity Commission, (3) Finance Secretariat of the State of Aguascalientes, (4) Finance Secretariat of the Municipality of Aguascalientes, (5) Security Secretariat of the State of Aguascalientes, (6) Public Security and Transit Secretariat of the Municipality of Aguascalientes and (7) Directorate of the Control, Communication, Computing And Coordination Center C5 (SITEC).

At this time, Plaintiff requested service by publication, which the Aguascalientes Trial Court denied, instead reinvigorating the search for a Texas address through the letter rogatory and listing several more agencies for further inquiry. ECF No. 6-8 at 8. Accordingly, on February 10, 2022, Plaintiff again requested an update from the Ministry of Foreign Affairs and requested letters be sent to an additional five agencies,[5] for a total of eleven agencies. ECF No. 6-8 at 8.

The Ministry reported that, on March 3, 2022, the Consul of Legal Affairs sent a process server to the Mayapple Blossom Place address, but the individuals residing at that address stated he did not know Defendant and they had lived at that address for three years, prior to initiation of the Texas Lawsuit. ECF No. 6-8 at 9; 6-10 at 4. Plaintiff moved again for service by publication, but the Aguascalientes Trial Court again denied this request and stated it would await responses from the five agencies. ECF No. 6-8 at 9. The agencies returned addresses that were impossible to effectuate service because they were either occupied by individuals who did not know Defendant or were outside of Aguascalientes. ECF No. 6-8 at 10.

On June 17, 2022, the Aguascalientes Trial Court ordered service by publication. ECF No. 6-8 at 10. Plaintiff published the summons on July 12, 13, and 14 in the national newspaper El Heraldo, and July 18, 19, and 20 in the Mexico City-

---

[5] (1) the Public Registry of Property and Commerce, (2) General Directorate of Cadastre, (3) Decentralized Administration of Taxpayer Services of Aguascalientes "1 ", (4) Ministry of Foreign Affairs, and (5) National Electoral Institute.

4

based newspaper Reforma. ECF No. 6-8 at 11. Defendant failed to appear after publication. Consequently, on January 3, 2023, the Aguascalientes Trial Court entered a default judgment in Plaintiff's favor. ECF No. 6-8 at 11. The Aguascalientes Trial Court awarded Plaintiff: (1) 17,000,000.00 Mexican pesos (the principal on the Note); (2) interest rest of 3.08% per month from maturity until the debt is paid in full (as agreed to in the Note); and (3) all expenses and costs Plaintiff incurred in obtaining the judgment.

On February 21, 2023, Defendant filed an amparo proceeding[6] with the Fourth District Court in the State of Aguascalientes (the "Aguascalientes Court of Appeals"), raising constitutional issues with the Aguascalientes Trial Court's decisions on service. ECF No. 6-8 at 2; ECF No. 12 at 5. The Aguascalientes Court found that, contrary to Defendant's claim, the Aguascalientes Trial Court conducted a proper search between November 20, 2019 and June 2022, to investigate his address for service. ECF No. 6-8 at 24. On August 11, 2023, the Aguascalientes Court of Appeals denied all nine grounds for relief and affirmed the judgment. ECF Nos. 6-8 at 31-32. After the amparo review, the Second Collegiate Court of the

---

[6] A Mexican national or foreigner may assert the amparo, alleging a Mexican authority committed a constitutional violation. When amparo is granted, it protects the individual against the illegal infringement. *In re Extradition of Ramos Herrera*, 268 F. Supp. 2d 688, 691 n.1 (W.D. Tex. 2003) (citing Jorge A. Vargas, Mexico's Legal Revolution: An Appraisal of Its Recent Constitutional Changes 1988–1995, 25 Ga. J. Int'l & Comp. L. 497, n. 178, Summer 1996).

Thirtieth Circuit reviewed the amparo and trial proceedings and supporting evidence and confirmed the appealed judgment. ECF No. 6-12 at 2 (dated August 5, 2024).

Plaintiff then filed the instant case in Texas state court, asking the court to recognize and domesticate the Mexican Judgment. ECF No. 1-1. Defendant removed the case based on diversity jurisdiction. ECF No. 1. Plaintiff filed the instant motion, requesting recognition and domestication of the Mexican Judgment. ECF No. 6. Defendant opposes this relief, arguing that the Aguascalientes Trial Court lacked personal jurisdiction due to improper service and failed to provide due process, and that enforcement of this judgment would offend Texas public policy. ECF No. 12.

## II.    LEGAL STANDARDS

Because federal jurisdiction in this case is based on diversity of citizenship, the Court applies Texas law regarding the recognition and enforcement of foreign judgments. *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 378 (5th Cir. 2015) (citing *Banque Libanaise Pour Le Commerce v. Khreich,* 915 F.2d 1000, 1003 (5th Cir. 1990) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938))). The enforcement of foreign judgments in Texas is governed by the Act. *Id.* (citing Tex. Civ. Prac. & Rem. Code §§ 36.001–36.008).

"The Act applies to foreign-country judgments that grant a recovery of a sum of money and, under the law of the foreign country in which the judgment is rendered, is final, conclusive, and enforceable." *Lancaster v. WestCorp Sols., Ltd.*,

673 S.W.3d 57, 61 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 36A.003(a)).[7] Plaintiff has the burden of establishing the Act applies. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 36A.003(c)). Except as provided, "a court of this state shall recognize a foreign-country judgment to which this chapter applies." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 36A.004(a)).[8]

> The Act prohibits the recognition of a foreign-country judgment if:
>
> (1) the judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law; (2) the foreign court did not have personal jurisdiction over the defendant; or (3) the foreign court did not have jurisdiction over the subject matter.

*Lancaster*, 673 S.W.3d at 61(citing Tex. Civ. Prac. & Rem. Code § 36A.004(b) (mandatory grounds for nonrecognition)). As noted above, under § 36A.004(b)(2), the Court must deny recognition to the foreign-country judgment if the foreign court did not have personal jurisdiction over the defendant. Section 36A.005(a) states that "[a] foreign-country judgment may not be refused recognition for lack of personal jurisdiction if:

> (1) the defendant was served with process personally in the foreign country; (2) the defendant voluntarily appeared in the proceeding, other than for the purpose of protecting property seized or threatened with seizure in the proceeding or of contesting the jurisdiction of the court

---

[7] "The purpose of recognition is two-fold—to domesticate a judgment for purposes of enforcement and attain preclusive effect of that judgment." *Dynaresource de Mexico S.A. de C.V. v. Goldgroup Res. Inc.*, 667 S.W.3d 918, 926 (Tex. App.—Dallas 2023, no pet.).

[8] The parties do not dispute that the Act applies. *See* Tex. Civ. Prac. & Rem. Code § 36A.003 (applicability).

over the defendant; (3) the defendant, before commencement of the proceeding, agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved; (4) the defendant was domiciled in the foreign country when the proceeding was instituted or was a corporation or other form of business organization whose principal place of business was in, or that was organized under the laws of, the foreign country; (5) the defendant had a business office in the foreign country and the proceeding in the foreign court involved a cause of action arising out of business done by the defendant through that office in the foreign country; or (6) the defendant operated a motor vehicle or airplane in the foreign country and the proceeding involved a cause of action arising out of that operation.

Tex. Civ. Prac. & Rem. Code § 36A.005(a). Section 36A.005(b) states that "[t]he list of bases for personal jurisdiction in Subsection (a) is not exclusive," and the Court "may recognize bases of personal jurisdiction other than those listed in Subsection (a) as sufficient to support a foreign-country judgment." *Id.* at § 36A.005(b).

Further, the Act permits a trial court to not recognize a foreign-country judgment if:

(1) the defendant in the proceeding in the foreign court did not receive notice of the proceeding in sufficient time to enable the defendant to defend; (2) the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present the party's case; (3) the judgment or the cause of action on which the judgment is based is repugnant to the public policy of this state or the United States; (4) the judgment conflicts with another final and conclusive judgment; (5) the proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in the foreign court; (6) jurisdiction was based only on personal service and the foreign court was a seriously inconvenient forum for the trial of the action; (7) the judgment was rendered in circumstances that raise substantial doubt about the

integrity of the rendering court with respect to the judgment; (8) the specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law; or (9) it is established that the foreign country in which the judgment was rendered does not recognize judgments rendered in this state that, but for the fact that they are rendered in this state, would constitute foreign-country judgments to which this chapter would apply under Section 36A.003.

*Id.* at 61–62 (citing Tex. Civ. Prac. & Rem. Code § 36A.004(c) (discretionary grounds for nonrecognition)). Defendant, seeking nonrecognition of a foreign judgment, bears the burden of establishing that subsections (b) or (c) apply. *Id.* at 62 (citing Tex. Civ. Prac. & Rem. Code § 36A.004(d)).

## III.   THE COURT RECOGNIZES THE FOREIGN JUDGMENT.

Defendant raises three grounds for nonrecognition: (1) lack of personal jurisdiction based on Plaintiff's failure to serve or otherwise notify Defendant of the Mexican lawsuit; (2) the Mexican courts did not satisfy due process; and (3) Plaintiff's attempts to collect on this judgment offend basic fairness. ECF No. 23-1 at 1. Defendant also raises several arguments related to the enforceability of the Note. The Court will not address arguments related to the underlying merits of the Mexican lawsuit because they are irrelevant to the inquiry before the Court: whether to recognize the foreign judgment under the Act.

### A.   Defendant Failed To Establish any Basis for Mandatory Nonrecognition.

Defendant argues that the Aguascalientes Trial Court lacked personal jurisdiction over him, a mandatory ground for nonrecognition under Tex. Civ. Prac.

9

& Rem. Code § 36A.004(b), because he was not properly served or otherwise notified of the Mexican lawsuit. Plaintiff responds that Defendant was subject to the Aguascalientes Trial Court's personal jurisdiction because he consented to it. ECF No. 6 at 19.

Indeed, under the Act, a foreign-country judgment may not be refused recognition for lack of personal jurisdiction "if the defendant, before commencement of the proceeding, agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved." Tex. Civ. Prac. & Rem. Code § 36A.005(a)(3). The Note, signed by Defendant on December 14, 2018, states that it is payable in Aguascalientes, Mexico. ECF No. 6-1 at 2. Further, on November 1, 2019, Defendant filed his forum non conveniens motion in the Texas lawsuit and averred that the case should be litigated in Mexico because "[t]his case involves a dispute between Mexican entities/citizens relating to an alleged promissory note which, according to Plaintiff's pleadings, was created and is payable in the city of Aguas Calientes, in the state of Aguas Calientes, Mexico." ECF No. 6-4 at 2. Defendant continued that "[t]he underlying promissory note at issue affirms that the laws of Mexico control and exclusive jurisdiction for any dispute is in Mexico." ECF No. 6-4 at 3, 6–7. Defendant represented that he "ha[d] an address in Mexico where he [could] be served." ECF No. 6-4 at 6. Plaintiff filed the Mexican lawsuit on November 20, 2019. ECF No. 6-8 at 5. Defendant clearly agreed to submit to the

jurisdiction of the foreign court with respect to the Note *prior to* commencement of the foreign proceedings.

Furthermore, even after the Mexican lawsuit was filed, Defendant filed a second affidavit in the Texas lawsuit dated December 20, 2019, where he swore that he was a Mexican citizen with assets in Mexico subject to enforcement of any Mexican judgment in favor of Plaintiff. ECF No. 6-6. *Id.* at 2. He further attested "I am willing to submit myself to the Jurisdiction of Mexico, appear in the proper Mexican court and litigate this dispute in good faith," and "abide by any properly rendered judgment of said Mexican court." Accordingly, the Court may not refuse recognition of the foreign-country judgment for lack of personal jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 36A.005(a)(3).

## B.  Defendant Failed To Establish Any Basis for Permissive Nonrecognition.

Defendant argues that the foreign judgment should not be recognized because "Defendant was not properly served with the lawsuit, and was deprived of an adequate opportunity to defend himself, and was subjected to proceedings that did not adhere to fundamental principles of fairness." ECF No. 12 at 7. Although not expressly delineated by Defendant, the Court gathers that he seeks nonrecognition because he did not receive notice of the proceeding in sufficient time to enable him to defend; the judgment was obtained by fraud that deprived Defendant of an adequate opportunity to present his case; the judgment was rendered in

circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment; the specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law; and the judgment on which the judgment is based is repugnant to the public policy of this state. Tex. Civ. Prac. & Rem. Code § 36A.004(c)(1), (2), (3), (7), (8).

> 1.    *The Court Declines Non-recognition Based on Improper Service and Lack of Due Process.*

Defendant contends that improper service of process—specifically non-compliance with the Hague Convention and utilization of service methods that would not actually notify Defendant—deprived him of his opportunity to be heard and ability to present a meaningful defense. ECF Nos. 12 at 7–9; 23-1 at 1–4. Defendant continues that the Mexican lawsuit, fraught with procedural irregularities and judicial bias, infringed on his right to due process. ECF No. 12 at 9. Plaintiff responds that service was proper under Mexican law and the Hague Convention does not apply and even if it did, then Defendant could have, but did not raise this issue on appeal. ECF Nos. 6 at 20–25; 16 at 3–4. Further, Plaintiff argues that Defendant's other arguments, failure to receive notice and be heard, were raised and rejected on appeal. ECF No. 16 at 4.

Regarding Defendant's arguments related to the Hague Convention, the Court agrees that although he had the opportunity to raise this argument on appeal, he did not do so, and is therefore barred from raising it in the instant proceeding. *See* ECF

No. 6-8 at 13–15.[9] "A judgment debtor is precluded from collaterally attacking a foreign judgment when an issue was litigated before a foreign court or the party was given the opportunity to litigate the issue before that court." *Mariles v. Hector*, No. 05-16-00814-CV, 2018 WL 3723104, at *7 (Tex. App.—Dallas Aug. 6, 2018, no pet.) (citing *Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 902 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *The Courage Co. v. The Chemshare Corp.*, 93 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2002, no pet.))). Grounds for nonrecognition may be waived if a party had the right to assert that ground as an objection or defense in the foreign country but failed to do so. *Id.* (citing *Nicholas*, 499 S.W.3d at 902).

Even so, the Hague Convention is not applicable here. The Aguascalientes Trial Court did not rely on service abroad to effect service, and instead sought to serve Defendant in Mexico, ultimately ordering service by publication.[10] As a result, the Hague Convention is not triggered. *See Villaverde v. Motores Electricos Sumergibles de Mexico, S. de R.L. de C.V.*, No. 5:21-CV-00048, 2024 WL 5275043,

---

[9] Defendant argued that: (1) he was unaware of the proceeding; (2) was unable to present a defense; (3) he did not reside in Aguascalientes; (4) the Aguascalientes Trial Court should have inquired of agencies in Puerto Vallarta, Jalisco, Quintana Roo, Riverside California, and the United States; (5) the Aguascalientes Trial Court failed to request addresses from a private entity; (6)–(9) various deficiencies with the publication process. These arguments were all rejected. ECF No. 6-8 at 15.

[10] Although the Aguascalientes Trial Court requested a letter rogatory be sent to Defendant's last known Texas address, this proved unsuccessful and ultimately service was completed without service on Defendant in Texas. ECF No. 6-8 at 9. Moreover, Defendant insinuated in the Texas lawsuit that service in Mexico would be successful as he represented that he is a Mexican citizen and had a Mexican address. ECF Nos. 6-4; 6-6.

at *5 (S.D. Tex. Mar. 26, 2024) ("The Hague Convention sets forth the permissible methods of effecting service of process abroad.") (citing *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988))); *see also United Wisconsin Ins. Co. v. Forza Transp.*, No. 5:23-CV-30, 2024 WL 5006268, at *2 (S.D. Tex. Sept. 26, 2024) (if service can be completed without the need to send documents abroad, the Convention is not implicated.") (citing *Schlunk*, 486 U.S. at 707).

Furthermore, the Aguascalientes Trial Court went to great lengths to serve and notify Defendant of this suit in compliance with Mexican law and due process. As outlined above, Plaintiff and the Aguascalientes Trial Court spent three years trying to serve Defendant. Their efforts involved contacting eleven agencies for information about Defendant's whereabouts, attempted service at the Mexican address Defendant provided, attempted service at the Texas address used in the Texas Lawsuit, attempted service at other addresses the agencies suggested, a letter rogatory to the Ministry of Foreign Affairs, and finally, six days' worth of publication in two major Mexican newspapers. As the Aguascalientes Appellate Court found, the Aguascalientes Trial Court's decisions comported with Mexican law and with due process.

Additionally, the Court is unconvinced that he failed to receive notice in enough time to defend. Although he was unable to raise the merits of the lawsuit by

the time he appeared, there was sufficient time for him to raise numerous issues with service that could have led to new service for a new proceeding on the merits.[11] Because service was proper, the Aguascalientes Appellate Court did not order new service or a new proceeding, but upheld the Aguascalientes Trial Court's decision.

   2.   *The Court Does Not Find Non-recognition on the Basis that the Agreed-Upon Interest Rate is Usurious Under Texas Law.*

Defendant argues that the usurious interest rate involved in the judgment is "repugnant to the public policy of [Texas]," ECF No. 12 at 12, and offends "basic fairness," ECF No. 23-1 at 4. Defendant asserts that the Note as an annual effective rate of 36.96%, "more than twice the amount allowed under Texas law," which, over the years this matter has remained pending, has turned an approximately $874,000 promissory note into an almost $7,000,000 judgment. ECF Nos. 12 at 12–13; 23-1 at 8. Plaintiff responds that Texas routinely recognizes and enforces agreements with interest rates that would be usurious under Texas law. ECF No. 16 at 7.

The Act permits non-recognition because "the judgment or the cause of action on which the judgment is based is repugnant to the public policy of this state or the United States." Tex. Civ. Prac. & Rem. Code § 36A.004(c)(3).[12] "Significantly, the

---

[11] The Court rejects Defendant's conclusory and unsupported argument that he faced procedural irregularities and judicial bias in the proceedings in Mexico. ECF No. 12 at 9. There is no evidence of this in the record and Defendant could have raised these issues before the Aguascalientes Appellate Court. The Court also rejects Defendant's argument that Plaintiff obtained the foreign judgment through fraud. Defendant has not sufficiently alleged, much less shown evidence, of fraud. *See* ECF Nos. 12 at 11–12; 23-1.

[12] "Prior to the enactment of § 36A, the Texas Recognition Act '[did] not refer to the judgment

standard to deny recognition is whether a judgment or cause of action is 'repugnant to state public policy, not whether the standards for evaluating that cause of action are the same or similar in the foreign country.'" *Carmona*, 580 B.R. at 712 (quoting *Turner*, 303 F.3d at 332); *see also Lancaster*, 673 S.W.3d at 65 ("the mere fact that [a foreign country's] law[s] differ from ours does not render them violative of public policy.") (quoting *Gutierrez v. Collins*, 583 S.W.2d 312, 322 (Tex. 1979)[13] (citing *Presley v. N.V. Masureel Veredeling*, 370 S.W.3d 425, 434 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("Recognition of a foreign country judgment under the Act 'does not require that the procedures used in the courts of a foreign country be identical to those used in the courts of the United States.' Rather, the Act requires only that the foreign procedures are 'compatible with the requirements of due process of law' and do 'not offend against basic fairness.'") (internal citations omitted) (quoting *The Society of Lloyds v. Webb*, 156 F.Supp.2d 632, 639–40 (N.D. Tex. 2001))). "[T]he level of contravention of Texas law has 'to be high before recognition [can] be denied on public policy grounds.'" *Carmona*, 580 B.R. at 712

---

itself, but specifically to the cause of action on which the judgment is based.'" *In re Carmona*, 580 B.R. 690, 712–14 (Bankr. S.D. Tex. 2018) (citing *Soc'y of Lloyd's v. Turner*, 303 F.3d 325, 332 (5th Cir. 2002)). "However, the plain language of the Texas Recognition Act now allows courts to deny recognition if a judgment itself is repugnant to public policy, rather than merely a repugnant cause of action in a foreign proceeding." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 36A.004(c)(3)).

[13] "In *Gutierrez*, the [Texas Supreme C]ourt noted that while the laws of the foreign country where the judgment was rendered differed from our own, 'nothing in the substance of these laws [was] inimical to good morals, natural justice, or the general interests of the citizens of this state.'" *Lancaster*, 673 S.W.3d at 65–66 (citing *Gutierrez*, 583 S.W.2d at 322).

(quoting *Southwest Livestock and Trucking Co. v. Ramon*, 169 F.3d 317, 321 (5th Cir. 1999) (quoting *Hunt v. BP Exploration Co. (Libya) Ltd.*, 492 F.Supp. 885, 900 (N.D. Tex. 1980))). "[T]he narrowness of the public policy exception reflects a compromise between two axioms—res judicata and fairness to litigants—that underlie our law of recognition of foreign country judgments." *Id.* (quoting *Southwest Livestock and Trucking Co.*, 169 F.3d at 321).

Defendant has not met this high standard. The Court finds the Fifth Circuit's decision in *Southwest Livestock* instructive. There, the court upheld a 50% rate between a Texas corporation and its Mexican lender when the lender sought to domesticate a Mexican judgment. 169 F.3d 317. The court first found that because the Act at that time only considered whether causes of actions, not judgments, were repugnant, and a suit for collection on a promissory note was not repugnant. *Id.* at 322. Given the change in law, the Court does not rely on this part of the opinion. But relevant here, the court continued its analysis and rejected the Texas corporation's argument that enforcement of the judgment's rate would violate Texas public policy—the court explained:

> We are especially reluctant to conclude that recognizing the Mexican judgment offends Texas public policy under the circumstances of this case. The purpose behind Texas usury laws is to protect unsophisticated borrowers from unscrupulous lenders. This case, however, does not involve the victimizing of a naive consumer. Southwest Livestock is managed by sophisticated and knowledgeable people with experience in business. Additionally, the evidence in the record does not suggest that Ramón misled or deceived Southwest Livestock. Southwest

17

Livestock and Ramón negotiated the loan in good faith and at arm's length. In short, both parties fully appreciated the nature of the loan transaction and their respective contractual obligations.

*Southwest Livestock*, 169 F.3d at 323 (internal citations omitted).

Similar circumstances are before the Court. There is no indication that the Note was not negotiated in good faith, at arm's length, between two individuals aware of the Note's significance and consequences. In the Texas lawsuit, Defendant clearly appreciated his contractual obligation to be governed under Mexican law. He cannot now claim that the interest rate is repugnant to public policy when he, even if he disputes his agreement to the interest rate, agreed to be bound by Mexican law, which allows such a rate.[14] *See* Civil Code for the State of Aguascalientes, art. 2266.

Because Defendant did not establish a ground for nonrecognition, the Court grants Plaintiff's motion for recognition.

## IV. CONCLUSION

As set forth above, Defendant's motion for leave to file a sur-reply is **GRANTED**. ECF No. 23. Plaintiff's motion for recognition of a foreign judgment is **GRANTED**. ECF No. 6. As a result, Defendant's motion to stay is **DENIED AS MOOT**. ECF No. 11.

**IT IS SO ORDERED.**

---

[14] Public policy would be detrimentally impacted by any other finding—to allow an individual to contract for an interest rate under Mexican law, but later dispute the agreed-upon rate in a foreign judgment recognition proceeding would offend basic fairness.

Signed at Houston, Texas, on March 21, 2025.

Dena Hanovice Palermo
United States Magistrate Judge