IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR FERNANDO GONZALEZ OBREGON | § § § § § | |
| *Plaintiff*, | § | |
| v. | § | CAUSE NO. 4:24-CV-03371 |
| | § | |
| JORGE ROMO | § § § | |
| *Defendant*. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
EMERGENCY MOTION FOR RECONSIDERATION**

Plaintiff and Judgment Creditor Oscar Fernando Gonzalez Obregon ("Gonzalez," "Plaintiff," or "Judgment Creditor") files this Response to Defendant/Judgment Debtor Jorge Romo Jr. ("Romo," "Defendant," or "Judgment Debtor")'s Emergency Motion for Reconsideration of Order Granting Plaintiff's Motion to Compel [Dkt. No. 39] (the "Motion") and respectfully pleads as follows.

**I.
INTRODUCTION**

1. Defendant (ironically, without conferring)[1] requests the Court reconsider its Order [Dkt. No. 37] granting Plaintiff's Motion to Compel Post-Judgment Discovery [Dkt. No. 34] because Plaintiff's counsel did not confer with Defendant prior to filing his Motion to Compel Post-Judgment Discovery and because "Defendant was not provided an opportunity to respond to Plaintiff's Motion." [Dkt. No. 39 pg. 1]. Putting aside Defendant's conclusory statements,

---

[1] Indeed, none of Defendant's Motion to Stay [Dkt. No. 11], "First" Motion to Say [Dkt. No. 32], or Emergency Motion for Reconsideration [Dkt. No. 39] contains a certificate of conference.

45231945

Defendant provides no adequate reason for this Court to reconsider its Order, requiring the denial of Defendant's Motion.

## II.
## BACKGROUND

2. More than six years ago, Romo and Gonzalez entered into a promissory note where Plaintiff loaned Defendant 17,000,000 Mexican pesos to be repaid on or before January 31, 2019. The Note bore an interest of 3.08% per month. Romo defaulted on the loan.

3. Gonzalez filed suit before the Third Commercial Court for Aguascalientes in Mexico (the "Aguascalientes Trial Court") on or about November 20, 2019. After Romo failed to appear, Gonzalez was awarded judgment (the "Mexican Judgment") on or about January 3, 2023. The Mexican Judgment awarded Gonzalez: (1) 17,000,000 Mexican pesos (the principal on the Note); (2) interest of 3.08% per month from maturity until the debt is paid in full (as agreed to in the Note); and (3) all expenses and costs Gonzalez incurs in obtaining the judgment. Romo appealed on or about February 21, 2023, and was ultimately unsuccessful.

4. Gonzalez filed suit in Texas state court to recognize the judgment, which was removed to this Court. On October 14, 2024, Gonzalez filed his Motion for Recognition of Foreign Judgment (the "Motion"). [Dkt. No. 6]. Romo filed a motion to stay, responded to Gonzalez's Motion, and filed a sur-reply. [Dkt. Nos. 11, 12, 23]. The Court granted Gonzalez's Motion and denied Romo's first motion to stay. Ultimately, the Court held Romo did not establish a ground for nonrecognition and recognized the Mexican Judgment. [Dkt. No. 26]. The Court granted Gonzalez's Motion on March 21, 2025. [Dkt. No. 25]. Although the Court's order was sufficient to recognize the Mexican Judgment, Plaintiff filed a motion for entry of judgment on March 27, 2025 [Dkt. No. 26], and judgment was entered on March 31, 2025. [Dkt. No. 28].

5. On March 27, 2025, Plaintiff propounded his first set of post-judgment discovery to Defendant. On April 28, 2025—the day Defendant's responses were due—Defendant's counsel sent the following correspondence:[2]

> Javier,
>
> We recognize the post judgment discovery requests were served 30 days ago. However, the requests were premature under FRCP 69(a)(2) and FRCP 62(a). We will treat the requests as being served in accordance with said rules on April 30th when the automatic stay expires. This makes Friday, May 30th as the response deadline. Please let us know if you agree with the May 30th response deadline.
>
> Thank you,
> Dana

Plaintiff's counsel disagreed, and informed Defendants that he would consider any discovery responses provided after April 28 as untimely and would "proceed accordingly." Defendants did not provide any responses that day.

6. On April 30, 2025, Defendant provided his objections to Plaintiff's discovery requests. Defendant repeated the same response and objection to all of Plaintiff's discovery requests:[3]

> **RESPONSE**: Objection. Romo objects to this request as it is premature under Rule 69(a)(2) of the Federal Rules of Civil Procedure because Obregon served this request prior to the entry of the Final Judgment on April 1, 2025. *See Parallel Iron LLC v. NetApp, Inc.* 84 F. Supp. 3d 352, 353 (D. Del. 2015) ("[D]iscovery may not be requested before judgment is entered." (quoting Moore's Federal Practice and Procedure § 26.102)). Romo further objects to this request as it violates the automatic stay imposed by Rule 62(a), which prohibits enforcement proceedings—including post judgment discovery—for 30 days after entry of judgment. *See Fish Mkt. Nominee Corp. v. Pelofsky*, 72 F.3d 4, 6 (1st Cir. 1995) ("Rule 62(a) merely stays proceedings to enforce the judgment, for example, discovery to determine the location of a judgment debtor's property available to satisfy the judgment"). Because the Court entered the Final Judgment on April 1, 2025, the automatic stay remains in effect through May 1, 2025. Fed. R. Civ. P. 6(a)(1). Obregon's discovery requests were served March 27, 2025, prior to the entry of the Final Judgment and prior to the expiration of the automatic stay. Accordingly, Romo deems this request as served on the date the automatic stay expires and will file timely objections and responses thereto on or before June 2, 2025.

---

[2] Dkt. No. 34-1.
[3] Dkt. No. 34-2.

Defendant did not provide any documents, but did provide a verification—despite there being no facts to verify.

### III.
### ARGUMENT AND AUTHORITIES

7. A district court has "broad discretion in all discovery matters", and "such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Similarly, "Courts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court." *United States v. Moreno*, 857 F.3d 723, 726 n.1 (5th Cir. 2017) (quoting *In re Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984)); *accord Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (recognizing that "a district court's discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad"); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) ("[D]istrict courts have considerable latitude in applying their own rules.").

**A. Any further conference would have been futile, dispensing of Rule 37's conference requirement.**

8. First, Rule 37(a)(1) does not require that the "certification [under Rule 37(a)] be in the form of a Certificate of Conference at the end of the Motion." *In re Presto*, 358 B.R. 290, 292 (Bankr. S.D. Tex. 2006) (Bohm., J). Indeed, Courts often exercise their discretion to reach the merits of a discovery dispute using "a lower threshold for Rule 37's conference requirement" when the case "presents specific circumstances justifying an expeditious consideration of the discovery dispute, or when facts in the record establish the futility of attempting to resolve the dispute informally." *Herrera v. State Farm Lloyds*, No. 5:15-CV-151, 2015 WL 13678720, at *2 (S.D. Tex. Dec. 3, 2015) (citing *Kannaday v. Ball*, No. 09-2255-JWL, 2009 WL 2985680, at *2 n.10 (D.

Kan. Sept. 15, 2009) (collecting cases) & *Barcosh, Ltd. v. Dumas*, No. CIVA 08-92-JVP-SCR, 2008 WL 4286506, at *2 (M.D. La. Sept. 18, 2008)).

9. Plaintiff's counsel attached the communications regarding Plaintiff's First Set of Post-Judgment Discovery.[4] Therein, it was clear that: (1) Defendant did not consider his discovery responses due on April 28, 2025; (2) Plaintiff would consider any discovery responses propounded after April 28, 2025, as untimely; and (3) that the parties disagreed on the applicable standard.[5] Soon thereafter, on April 30, 2025, Defendant served his discovery responses without any substantive information and with the same caselaw cited in the correspondence.[6] As such, it was clear from the correspondence and the discovery responses that Defendant intended to continue his dilatory tactics (which have been present throughout the entire case) during the post-judgment discovery phase, dispensing the need for any further conference between the parties.

**B.  Defendant had sufficient time to respond to the Motion to Compel.**

10. Next, Defendant complains that he did not have sufficient time to respond to Plaintiff's Motion to Compel. Specifically, Defendant complains that the Order was signed on May 20, 2025, before the Motion Docket Date of May 29, 2025.

11. Defendant ignores that Plaintiff's Motion requested expedited consideration:[7]

> Because Defendant improperly objected to Plaintiff's requests, and failing to substantively object to the requests propounded, the Court should compel Defendant to fully respond to the requests without objection. Plaintiff also requests expedited consideration of this motion to avoid any further delay from Plaintiff executing on the judgment at the hands of Defendant's dilatory tactics.

The Court's Local Procedures allows for such a request: "When circumstances dictate, the Court may consider a motion prior to expiration of the 28 day period." Court's Procedures Section VIII.5.

---

[4] Dkt. No. 34-1.
[5] Dkt. No. 34-1.
[6] Dkt. No. 34-2.
[7] Dkt. No. 34 at ¶ 2.

12. Indeed, Defendant has requested expedited consideration before, forcing Plaintiff to expedite his response. *See* Dkt. No. 32 pg. 6 (requesting expedited consideration, oral argument, and shortened response time); Dkt. No. 33 (Plaintiff's response having been filed eight days after Defendant's motion to stay). Defendant has even previously filed a motion for leave to file a sur-reply *two days* before the scheduled hearing on the matter, necessitating that Plaintiff file a response *that same day*. *See* Dkt. No. 23 (opposed motion for leave filed on March 10, 2025); Dkt. No. 24 (Plaintiff's response filed the same day); Dkt. No. 25 (minute entry order regarding conference held March 12, 2025). Defendant had ample time to prepare a response, but showed no urgency to do so, despite Plaintiff's request for expedited consideration.

**C.     Defendant's cited supported does not warrant reconsideration.**

13. Finally, Defendant's cited authority shows that Plaintiff's Motion should still be granted. Defendant provides no on-point authority supporting his position, and instead provides only examples where the issue never arrose. Defendant also fails to address the fact that: (1) Texas has no stay of post-judgment discovery (and Plaintiff has his choice of what post-judgment discovery mechanisms to use); and (2) Defendant's own cited authority would make the due date April 30, 2025, not May 30, 2025. The second point is especially persuasive given that Defendant did in fact serve his objections on April 30, 2025. [8] Defendant could have asserted his objections then and there, but instead, said he would issue objections on *June 2, 2025*, an additional thirty days later. [9]

14. Defendant could have asserted his objections to the form of Plaintiff's discovery while he asserted his objections to the supposed untimeliness, but instead chose to provide evasive and non-compliant discovery objections and responses, stating he would file "timely objections

---

[8] Dkt. No. 34-2.
[9] Dkt. No. 34-2.

and responses thereto" on or before June 2, 2025.[10] Defendant chose to continue delaying discovery and by extension Plaintiff's recovery on a more than six-year debt, which is improper. Accordingly, the Court's Order was proper.

## IV.
## PRAYER

15.　As such, Plaintiff requests the Court deny Defendant's Motion and award Plaintiff all other relief to which he may be entitled to, either in law or in equity.

RESPECTFULLY SUBMITTED,

**JACKSON WALKER L.L.P.**

BY: _/s/ Javier Gonzalez_
　　JAVIER GONZALEZ
　　Texas State Bar No. 24119697
　　S.D. Texas Bar No. 3722324
　　jgonzalez@jw.com
　　Tel. (713) 752-4200
　　1401 McKinney, Suite 1900
　　Houston, TX 77010

**ATTORNEYS FOR PLAINTIFF OSCAR FERNANDO GONZALEZ OBREGON**

---

[10] Dkt. No. 34-2.

## CERTIFICATE OF SERVICE

      I certify that on May 27, 2025, a true and correct copy of the foregoing instrument was served upon all counsel of record and/or parties via ECF, in compliance with Fed. R. Civ. P. 5.

**Stibbs & Co., PC**
Michael D. Ellis
Texas Bar No. 24081586
Federal Bar No. 2311196
mellis@stibbsco.com
Dana C. Huebner
Texas Bar No. 24126097
Federal Bar No. 3715062
dhuebner@stibbsco.com
831 Crossbridge Drive
Spring, Texas 77373
Telephone: (281) 367-2222
Facsimile: (281) 681-2330

**ATTORNEYS FOR DEFENDANT
JORGE ROMO**

                                        */s/ Javier Gonzalez*
                                        Javier Gonzalez