## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **OSCAR FERNANDO GONZALEZ OBREGON,** | § § § § § § § | |
| *Plaintiff* | | |
| | § | **C. A. NO. 4:24-cv-03371** |
| **V.** | § § | |
| **JORGE ROMO, JR.** | § § | |
| *Defendant* | § § § | |

---

## DEFENDANT'S OBJECTION TO ISSUANCE OF WRIT OF EXECUTION AND ABSTRACT OF JUDGMENT

---

Defendant Jorge Romo, Jr. ("Defendant"), by and through undersigned counsel, files this Objection to the Writ of Execution and Abstract of Judgment filed by Plaintiff on June 13, 2025 (Dkt. Nos. 88, 88-1, and 88-2). The Writ of Execution (Dkt. No. 88-2) and Abstract of Judgment (Dkt. No. 88-1) contain significant inaccuracies, including an unsupported 10% attorney fee / cost, not adopted by the Final Judgment (Dkt. No. 28), and the underlying judgment is not final due to unresolved issues. Defendant respectfully requests that the Clerk refrain from issuing the writ and that the abstract be corrected or withdrawn. In support, Defendant states the following:

# I. INTRODUCTION

1.      The Final Judgment (Dkt. No. 28, dated March 31, 2025) recognizes the Mexican Judgment (Dkt. No. 6-10, Exhibit H) but does not specify a clear, enforceable monetary amount in USD, the interest calculation method (simple vs. compound), or quantify attorney fees. It also requires Plaintiff to submit further evidence to establish attorney fees (Dkt. No. 28, p. 1), rendering the judgment non-final under Federal Rules of Civil Procedure 54(a) and 58.

2.      Plaintiff's Request for Abstract of Judgment and Writ of Execution (Dkt. No. 88) seeks enforcement based on an inaccurate interpretation of the judgment. The Abstract of Judgment (Dkt. No. 88-1) and Writ of Execution (Dkt. No. 88-2) claim a 10% attorney fee ($304,554.96 USD, derived from $4,213,280.00 MXN in the Mexican Liquidation Order, Dkt. No. 6-14, pp. 343–349), which is not supported by the domesticated Mexican Judgment (Dkt. No. 6-10) or the Final Judgment (Dkt. No. 28).

3.      Defendant has filed a Motion to Stay Collection Efforts and Discovery (filed June 13, 2025), arguing that enforcement is premature until the Court resolves disputes over the interest calculation, attorney fees, costs, and exchange rates.

4.      Furthermore, Defendant maintains and reiterates the objection that the Mexican judgment was not final for purposes of domestication.

5.      Issuing the writ of execution would be improper and prejudicial, as the judgment lacks finality and the enforcement documents are defective.

## II. FACTUAL BACKGROUND

6.      The Mexican Judgment (Dkt. No. 6-10), entered January 3, 2023, and recognized by this Court on April 1, 2025, awards:

   a. Principal: 17,000,000.00 MXN (Dkt. No. 6-10, p. 9).

   b. Default interest: 3.08% monthly from February 1, 2019, until full payment (Dkt. No. 6-10, p. 9).

   c. "Expenses and costs" to be regulated in execution of the sentence (Dkt. No. 6-10, p. 9).

   d. No specific amount for attorney fees or costs is stated, and the 10% attorney fee is not mentioned.

7.      The Final Judgment (Dkt. No. 28) domesticates the Mexican Judgment but does not quantify costs, adopt a 10% attorney fee, or resolve whether interest is simple or compound. It requires Plaintiff to submit further evidence to establish attorney fees (Dkt. No. 28, p. 1).

8.      The Mexican Liquidation Order (Dkt. No. 6-14, pp. 343–349) calculates attorney fees as 10% of principal plus interest, totaling $4,213,280.00 MXN as of February 1, 2023. This order is not referenced or adopted in the Final

Judgment (Dkt. No. 28), which only incorporates Exhibits H and H-1 (Dkt. No. 6-10).

9.      Plaintiff's Abstract of Judgment (Dkt. No. 88-1) lists:

    a.  "Amount of Judgment: $899,351.94 USD ($17,000,000 MXN)"

    b.  "Amount of Costs: $304,554.96 USD (10% of amount due)"

    c.  "Rate of Interest: 3.08% simple interest monthly since 1/31/2019"

    d.  "Amount Due: $3,004,554.96 USD"

10.    The Writ of Execution (Dkt. No. 88-2) mirrors these figures:

    a. Judgment amount: $899,351.94 USD

    b. Costs: $304,554.96 USD (10% of total outstanding)

    c. Interest: 3.08% monthly on $899,351.94 USD since 01/31/2019

11.    These documents are inaccurate because:

    i.  The 10% attorney fee ($304,554.96 USD, derived from $4,213,280.00 MXN) is based on the Liquidation Order (Dkt. No. 6-14), not the domesticated Mexican Judgment (Dkt. No. 6-10) or Final Judgment (Dkt. No. 28). This Liquidation Order is not a judgment, and thus is (rightly) not incorporated into this Court's judgment.

    ii.  The USD amounts assume an unspecified exchange rate.

    iii.  The interest is listed as simple, but the calculation method remains disputed and unadjudicated.

12.     Plaintiff has not clarified the interest discrepancy (simple vs. compound) despite Defendant's requests (Dkt. No. 80, Exhibit A), further undermining the judgment's enforceability.

### III. LEGAL ARGUMENT

### A. The Judgment Is Not Final Due to Unresolved Issues

13.     A judgment must be final and specific, stating a clear monetary amount, to be enforceable. Fed. R. Civ. P. 54(a), 58; *GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*, 241 F.3d 388, 391 (5th Cir. 2001). If judicial action beyond ministerial calculation is required, the judgment is not final.

14.     The Final Judgment (Dkt. No. 28) is not final because:

   a)      The interest calculation method (simple vs. compound) is unresolved, creating a potential discrepancy of millions of USD.

   b)      Attorney fees and costs are unquantified, with the Court requiring further evidence to establish fees (Dkt. No. 28, p. 1).

   c)      The exchange rate for converting MXN to USD is unspecified, preventing enforcement in USD.

### B. The 10% Attorney Fee Is Unsupported by the Final Judgment

15.     The Abstract of Judgment (Dkt. No. 88-1) and Writ of Execution (Dkt. No. 88-2) claim $304,554.96 USD in costs, based on a 10% attorney fee from the Mexican Liquidation Order (Dkt. No. 6-14). However, the Final Judgment (Dkt. No.

28) does not adopt this order or award a 10% fee, instead requiring Plaintiff to submit evidence to establish fees.

16.     The Mexican Judgment (Dkt. No. 6-10) only awards unquantified "expenses and costs" (Dkt. No. 6-10, p. 9), and the 10% fee is not mentioned. Thus, including this fee in enforcement documents is improper and exceeds the judgment's scope.

## C. The Abstract of Judgment Is Defective

17.     Under Texas Property Code § 52.003, an abstract of judgment must accurately state the judgment amount, interest rate, and costs. The abstract (Dkt. No. 88-1) fails to comply because:

> a)     It includes a $304,554.96 USD attorney fee not awarded by the Final Judgment.
>
> b)     It lists an arbitrary USD amount ($899,351.94) without specifying the exchange rate.
>
> c)     It assumes simple interest, despite the unresolved dispute over the calculation method.

18.     The inclusion of $304,554.96 USD in costs as a 10% attorney fee (Dkt. No. 88-1) is premature and unjust, as Defendant has had zero opportunity to review or challenge any costs or fees claimed by Plaintiff. Neither the Court nor the Clerk has reviewed or approved these costs, as the Final Judgment (Dkt. No. 28) requires

Plaintiff to submit further evidence to establish attorney fees, and no such evidence has been provided or adjudicated. Awarding any amount of fees without such review violates due process and risks enforcing an unsubstantiated claim, causing irreparable harm to Defendant. *Hensley v. Eckerhart,* 461 U.S. 424, 433–34 (1983); *GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*,* 241 F.3d 388, 391 (5th Cir. 2001)

**D. The Writ of Execution Is Premature and Inaccurate**

19.    A writ of execution requires a final, enforceable judgment. Fed. R. Civ. P. 69(a); Tex. R. Civ. P. 627. The writ (Dkt. No. 88-2) is premature due to the judgment's lack of finality and reflects the same inaccuracies as the abstract, including the unsupported 10% fee and unverified interest calculation.

20.    Issuing the writ would violate due process by enforcing an unclear and disputed amount, risking over-enforcement and irreparable harm to Defendant.

**E. Pending Motions Support Delay**

21.    Defendant's Motion to Stay (filed June 13, 2025) underscores that enforcement is premature until the Court resolves these disputes, further justifying withholding the writ.

**IV. RELIEF REQUESTED**

22.    Defendant respectfully requests that the Clerk and/or Court:

a. Refrain from issuing the Writ of Execution until the Court resolves the outstanding issues and enters a final, enforceable judgment.

b. Order the correction or withdrawal of the Abstract of Judgment due to its inaccuracies, including the unsupported 10% attorney fee.

c. Grant a hearing on this objection if necessary.

d. Award such other relief as the Court deems just.


Respectfully submitted,

**SAN MIGUEL ATTORNEYS, PC**


_____
Alan Ray San Miguel
Texas Bar No. 24072323
S.D. of Texas Bar No. 1132614
Grant McEwen
Texas Bar No. 24062880
S.D. of Texas Bar No. 3825055
Email: service@sanmiguel.law
10077 Grogans Mill Road, Suite 135
The Woodlands, Texas 77380
Tel: (713) 795-5299
Fax: (713) 554-0611
Attorneys for Defendant


## CERTIFICATE OF CONFERENCE

I certify that on June 11, 2025, counsel conferred with Plaintiff's counsel, Javier Gonzalez, via email regarding the status of the Mexican counsel's findings on

the interest calculation. Plaintiff's counsel did not provide a substantive response. (See Exhibit A).

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025, a true and correct copy of the foregoing instrument was served on all counsel of record and/or parties via ECF, in compliance with Fed. R. Civ. P. 5.

_____
Alan Ray San Miguel