United States District Court
Southern District of Texas
**ENTERED**
July 07, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| OSCAR FERNANDO GONZALEZ OBREGON,<br>*Plaintiff*, | § | |
| vs. | § | Case No. 4:24-cv-3371 |
| JORGE ROMO, JR.,<br>*Defendant.* | § | |

**FIRST AMENDED TURNOVER ORDER, CHARGING ORDER, AND ORDER APPOINTING RECEIVER**

Plaintiff moves for an order appointing a receiver, and order turning over Defendant's non-exempt assets and also requests a charging order for Defendant's membership interests. Defendant did not file a response. Plaintiff's motion is granted as set forth below. ECF No. 101.

## I. LEGAL STANDARD

Texas law, applicable here,[1] "provides judgment creditors with a procedural device to assist them in satisfying their judgment debts." *Johns Law Firm, LLC v. Pawlik*, No. 4:22-CV-01877, 2024 WL 5185685, at *1 (S.D. Tex. Sept. 20, 2024), *adopted*, No. 4:22-CV-01877, 2025 WL 754502 (S.D. Tex. Mar. 10, 2025) (quoting

[1] "Federal Rule of Civil Procedure 62(b) allows a party to 'obtain a stay by providing a bond or other security' on execution of the judgment and proceedings to enforce it '[a]t any time after judgment is entered.' Fed. R. Civ. P. 62(b). In the absence of such a stay, the judgment is enforceable. Fed. R. Civ. P. 62. Federal Rule of Civil Procedure 69 states that a money judgment is enforced by a writ of execution and that the procedure on execution, as well as in related proceedings, must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69." *MWK Recruiting, Inc. v. Jowers*, 749 F.Supp.3d 769, 771 (W.D. Tex. 2024).

*Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018)). The Court can "aid a judgment creditor in satisfying outstanding liabilities by 'order[ing] the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control,'" *id.* (quoting Tex. Civ. Prac. & Rem. Code § 31.002(a)-(b)(1)), "even if those assets are in the hands of a third party," *id.* (quoting *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997) (citing *Norsul Oil & Mining Ltd. v. Com. Equip. Leasing Co.*, 703 S.W.2d 345, 349 (Tex. App.—San Antonio 1985, no writ))).

"A judgment creditor need only trace assets to a judgment debtor before a 'presumption arises that the judgment debtor possesses the assets subject to turnover and the burden shifts to the judgment debtor to account for the assets.'" *Id.* at *2 (quoting *Enex Int'l, Inc. v. Prime 3 Grp., LLC*, 2020 WL 6731019, at *1 (S.D. Tex. Oct. 27, 2020) (quoting *Dynamic Sports Nutrition, Inc. v. Roberts*, 2009 WL 10711815, at *8 (S.D. Tex. July 14, 2009)), *adopted by* 2020 WL 6728851 (S.D. Tex. Nov. 16, 2020)). In addition, the debtor must prove that the targeted assets are exempt from turnover. *Id.* (citing *Enex Int'l*, 2020 WL 6731019, at *1) (citing *Pillitteri v. Brown*, 165 S.W.3d 715, 722-23 (Tex. App.—Dallas 2004, no pet.))).

"Section 31.002 does not specify or restrict the way in which evidence may be received for a trial court to determine whether section 31.002(a) is satisfied."

*Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 835 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing *Hamilton Metals, Inc. v. Global Metal Servs., Ltd.*, 597 S.W.3d 870, 878-79 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2017, no pet.)). "Nor does the statute require that such evidence be in any particular form, that the evidence be at any particular level of specificity, or that the evidence reach any particular quantum before the court may grant aid under section 31.002." *Id.* (citing *Hamilton Metals*, 597 S.W.3d at 878-79).

## II. THE COURT APPOINTS DAVID A. FETTNER AS RECEIVER.

The Court previously appointed a receiver and asked the parties to submit the relevant information of an individual to be named as receiver. ECF No. 97. Plaintiff provided the C.V. for David A. Fettner. ECF Nos. 101, 101-1. Defendant did not submit a name. Based on review of his exemplary credentials and C.V., the Court finds David A. Fettner is a qualified and appropriate individual to serve as receiver.

"The turnover statute authorizes recovery of reasonable costs in a turnover proceeding." *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 841–42 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 31.002(e)). "A receiver's fees are considered court costs, and a trial court may award reasonable receiver's fees." *Id.* (citing *Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 490 (Tex. App.—Fort Worth 2022, no pet.)). "Whether a receiver's fee

is reasonable is determined by the value of the receiver's services, including the receiver's results."[2] *Id.* (citing *Moyer v. Moyer*, 183 S.W.3d 48, 57 (Tex. App.—Austin 2005, no pet.) (citing *Bergeron*, 561 S.W.2d at 553*Bergeron*, 561 S.W.2d at 553; *B.B.M.M., Ltd. v. Tex. Commerce Bank-Chem.*, 777 S.W.2d 193, 198 (Tex. App.—Houston [14th Dist.] 1989, no pet.)); *Congleton v. Shoemaker*, Nos. 09-11-00453-CV, 09-11-00654-CV, 2012 WL 1249406, at *5 (Tex. App.—Beaumont Apr. 12, 2012, pet. denied) (mem. op.)).

Based on the Court's experience, it is usual and customary for a receiver in Harris County to receive a conditional contingency fee in the amount of 25% in the order of appointment, subject to a later determination of reasonableness after the Court reviews the work performed or an agreement of the parties. By awarding a conditional award, the Court permits the receiver to have an amount certain to calculate and act upon while simultaneously preserving review of the reasonableness of the fee before distribution. The Texas Supreme Court and other Texas appellate courts specifically endorse conditional awards to receivers. *See* Supreme Court of

[2] Factors courts generally consider in determining whether a receiver's fee is reasonable include: (1) the nature, extent, and value of the administered estate; (2) the complexity and difficulty of the work; (3) the time spent; (4) the knowledge, experience, labor, and skill required of or devoted by the receiver; (5) the diligence and thoroughness displayed; and (6) the results accomplished. *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 842 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing *Allstate Cnty. Mut. Ins. Co. v. Hill*, No. 02-22-00261-CV, 2023 WL 3113951, at *4 (Tex. App.—Fort Worth Apr. 27, 2023, no pet. h.) (mem. op.) (citing *Bergeron v. Sessions*, 561 S.W.2d 551, 554-55 (Tex. App.—Dallas 1977, writ ref'd n.r.e.); *Bergeron v. Sessions*, 561 S.W.2d 551, 554-55 (Tex. App.—Dallas 1977, writ ref'd n.r.e.))).

Texas, Final Approval of Amendments to Texas Rules of Civil Procedure 306a, 503, 505, 508, 509, 510, 663a, and 664a; of Texas Rules of Civil Procedure 679a and 679b; and of a Form Notice of Protected Property Rights, Instructions for Protected Property Claim Form, Protected Property Claim Form, and a Form Order Appointing Receiver, Misc. Docket No. 22-9031 (Apr. 25, 2022), *available at* https://txcourts.gov/media/1454134/form-receiver-order.pdf; *Hartwell v. Fundworks, LLC*, No. 02-23-00100-CV, 2024 WL 46053, at *9 (Tex. App.—Fort Worth Jan. 4, 2024, pet. denied); Tex. R. Civ. P. 679a.

## III. THE COURT PREVIOUSLY ORDERED TURNOVER OF CERTAIN ASSETS.

The Court previously ordered turnover of the following assets: (1) an apartment located at: 6607 Lake Woodlands Drive #213, the Woodlands, Texas 77382; (2) strip of land located at 0 Harwin Dr., Houston TX 77072; (3) Defendant's interest in Cross Hydraulica S.A. DE C.V.; (4) Defendant's interest in Grupo Industrial Equipos Romo S.A.P.I. DE C.V.; (5) 13 Rattle Western Wear, Inc., 20% shares; (6) Airport BW Hospitality, Inc., 100% shares; (7) Airport Hospitality Ventures, Inc., 100% shares; (8) Bayou Hospitality SW Inc., 100% shares; (9) Global Coast Services, Inc., 50% shares; and (10) The Development Group, Inc., 100% shares. ECF No. 97.[3] These assets shall be transferred the Receiver for sale

---

[3] Again, Plaintiff moved for turnover of Defendant's "alleged 50% ownership" in the property located at 3326 Roaming Woods Lane, Spring, Texas 77039. ECF No. 101 at 4 (citing ECF No. 32-

and payment to Plaintiff. The Court also previously found that Defendant owned the following non-exempt assets: (1) 2023 Cadillac Escalade, valued at $120,000; (2) 2025 McLaren GTS, valued at $185,000; (3) 2023 Ferrari Roma, valued at $230,000; (4) 2024 Rolls Royce Spectre, valued at $401,000; and (5) 2025 Rolls Royce Cullingan, valued at $455,000. ECF No. 97. Defendant did not dispute his ownership or the non-exempt status of these assets. ECF No. 93. This is sufficient for turnover.

The Court also previously issued a charging order for Defendant's membership interests in: (1) Acquisition Services Group, LLC, 100% membership interest; (2) Bayou Hospitality Real Estate Fund, LLC, 100% membership interest; (3) Global Fund Management, LLC, 100% membership interest; (4) Hotel Cali Venture, LLC, 100% membership interest; (5) Hotel Holdings Group OP, LLC, 100% membership interest; and (6) Lone Star Painting and Repair, LLC, 50% membership interest. The Court incorporates its prior charging order regarding the above assets. ECF No. 97.[4]

---

6 ¶ 4). Because Plaintiff did not provide any further argument or authority, the Court is not satisfied that it can find this property is subject to the possession or control of Defendant. ECF No. 101 at 4 ("An (alleged) 50% ownership interest in a property located at 3326 Roaming Woods Lane, Spring, Texas 77039."). The request for a turnover order regarding the property located at 3326 Roaming Woods Lane, Spring, Texas 77039 is denied without prejudice.

[4] Plaintiff moves for turnover of other corporate shares and a charging order for other LLC membership interests, but at this time, Plaintiff's evidence only points to Defendant's involvement in the formation and operations, but not ownership. Therefore, that relief is denied without prejudice. *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421, at *8 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied) (finding court abused it discretion in

## IV. DEFENDANT'S BANK ACCOUNTS ARE SUBJECT TO TURNOVER.

Relying on submitted evidence regarding Defendant's various bank and investment accounts, the Court froze the following of Defendant's accounts: Amegy Account #: 5803046373; First Financial Bank Account #: 146110005429; International Bank of Commerce Account #: 2117336159; Wells Fargo account, number unknown; PNC account, number unknown; Ameritrade account, number unknown; Crypto.com account, number unknown; Charles Schawb account, number unknown; Robin Hood account, number unknown; and Paypal Account #: 33349107511. ECF No. 67. As he failed to respond,[5] Defendant does not dispute his ownership or the non-exempt status of these accounts. This is sufficient for turnover.[6] *Klinek*, 672 S.W.3d at 838.

---

granting turnover of assets not established as under the debtor's ownership).

[5] Rather than file a response as ordered, Defendant filed three frivolous motions for leave. ECF Nos. 102, 103, 104.

[6] Plaintiff also moved for turnover of Defendant's 50% ownership in the property located at 3326 Roaming Woods Lane, Spring, Texas 77039. ECF No. 35 at 4 (citing ECF No. 32-6 ¶ 4). In response, Defendant argued that Defendant's mother, who owns the other 50%, is entitled to notice, "if not a new and independent lawsuit" before issuing a turnover order. ECF No. 58 at 7. Plaintiff replied that the Court may order Defendant to turn over nonexempt property that a third party holds if the Court finds that the property is subject to the possession or control of Defendant. ECF No. 86 at 5. The Court is not satisfied that it can make that finding on the current record. And although Plaintiff tries to clarify that it only seeks turnover of the 50% ownership in this property, to receive this 50%, 100% of the physical asset must be sold or Defendant's mother will be forced to jointly own property with Plaintiff. *See* ECF No. 86. As such, the request for a turnover order regarding the property located at 3326 Roaming Woods Lane, Spring, Texas 77039 is denied without prejudice.

## V. CONCLUSION

In conclusion, the Court **GRANTS** Plaintiff's amended motion, ECF No. 101. The Court considered the amended motion Plaintiff and Judgment Creditor, Oscar Fernando Gonzalez Obregon ("Judgment Creditor") filed against Defendant and Judgment Debtor, Jorge Romo, Jr. ("Judgment Debtor"). After considering the application, evidence, pleadings, and the record in this matter, the Court finds:

> That Plaintiff holds a final, valid, and domesticated judgment against Defendant in the amount of Seventeen Million Mexican Pesos (MXN $17,000,000), plus simple interest at 3.08% monthly from February 1, 2019, until paid, and 10% of the principal and interest as statutory attorneys' fees under Mexican law;
>
> That the judgment remains unsatisfied and that the Judgment Debtor has made no voluntary payments toward satisfaction of same;
>
> That the Judgment Debtor owns or controls non-exempt property, including but not limited to luxury vehicles, equity interests in various corporate and limited liability entities, real property, and financial accounts;
>
> That the Judgment Debtor has engaged in conduct designed to evade discovery and execution of judgment;
>
> That appointment of a receiver is necessary and proper under Tex. Civ. Prac. & Rem. Code § 31.002(b)(3), and that David A. Fettner is a qualified and appropriate individual to serve as receiver.

**IT IS THEREFORE ORDERED THAT:**

Appointment of Receiver: David A. Fettner, whose address is 6700 Sands Point Drive, Houston, Texas 77074, telephone (713) 626-7277, and email daf@receivertexas.com, is hereby appointed as Receiver to take possession of, manage, control, and liquidate the non-exempt assets of Judgment Debtor.

Receiver's Powers: The Receiver shall have the following powers: (i) Take possession and control of all documents and records, including financial records, related to Judgment Debtor's non-exempt property; (ii) Take possession of and liquidate all non-exempt financial accounts, including bank accounts, merchant accounts, certificates of deposit, money-market accounts, and investment accounts; (iii) Take possession of and sell non-exempt securities, real property, equipment, machines, computers, vehicles, boats, and aircraft; (iv) Seize the contents of safe, safety deposit boxes, safes, storage units, and vaults and open same and report the content to the Court; (v) Collect and take possession of all non-exempt cash, negotiable instruments, promissory notes, drafts, and checks; (vi) Take control of non-exempt causes of action and contractual rights, both present and future; (vii) Collect non-exempt accounts receivable and any intangible property or rights, including intellectual property such as domain names, patents, copyrights, and trademarks; (viii) Endorse and cash all checks or negotiable instruments payable to Judgment Debtor; (ix) Levy on Judgment Debtor's financial accounts and investment accounts; (x) Change locks and secure non-exempt real and personal property (excluding homestead); (xi) Obtain financial records, tax returns, credit reports, lease agreements, employment records, and any other documents from Judgment Debtor and third parties necessary to identify and collect non-exempt assets; (xii) Hire agents or professionals necessary to perform his duties under this Order; (xiii) Request and require any information reasonably related to the assets and financial condition of the Judgment Debtor and issue subpoenas and conduct discovery from third parties concerning Judgment Debtor's assets; (xiv) Commence, control, and settle chose in actions, legal actions, and initiate claims against third parties in receipt of assets of Judgment Debtor including fraudulent transfer claims under Tex. Civ. Prac. & Rem. Code Chapter 24; (xv) Obtain credit reports and consumer reports pursuant to 15 U.S.C. § 1681b(a)(1); (xvi) Collect and liquidate non-exempt ownership interests in partnerships, corporations, limited liability companies, and other business entities and Receiver shall have the exclusive right vote said Judgment Debtor's interests; (xvii) Assume control of and transfer all non-exempt domain names and control online accounts of and associated with the Judgment Debtor; (xviii) Require the assistance of any sheriff, constable, or peace officer to enforce this Order and prevent interference; (xix) Collect any non-exempt inheritance due to the Judgment Debtor; (xx) Collect any non-exempt lottery and gambling winnings of Judgment Debtor, (xxi) Collect any non-exempt deposits held by any clerk, court or lawyer for the Judgment Debtor and to review and obtain copies of all documents related to same. All such property shall be held *in custodia legis* of said Receiver as of the date of this order.

Judgment Debtor is **ORDERED** to deliver to the Receiver, a complete and accurate

statement of his current financial condition, including all bank accounts, financial instruments, safe deposit boxes, storage units, assets, liabilities, and interests in all corporations, partnerships, LLPs, limited partnerships, LLCs, associations, trusts, and other entities in which Judgment Debtor has an interest, no later than ten (10) days from the date of this Order. including all exempt and non-exempt assets of every kind and nature in which the Judgment Debtor has any interest, anywhere in the world regardless of whether Judgment Debtor asserts an exemption and immediately turnover to the Receiver within ten days, Judgment Debtor's interest in same. Where the Judgment Debtor asserts an exemption, it must be done in writing and e-served on Receiver. Each exemption claimed must be specific with a reasonable basis therefore clearly stated next to the description of the asset. Receiver is not required to accept the assertion of any exemption. If Receiver does not expressly and in writing accept the exemption asserted, Judgment Debtor shall have the burden to file a motion with this Court and obtain a ruling on the asserted exemption. Each Judgment Debtor's disclosure must provide sufficient specificity to permit a constable to identify and levy upon the assets.

All financial institutions, including banks, brokerages, and cryptocurrency platforms, that list Jorge Romo, Jr. as a signatory, account holder, or certificate holder of beneficial ownership are **ORDERED** to deliver complete financial records to the Receiver upon request.

The Receiver may enlist the assistance of any peace officer, sheriff, constable, or other enforcement officer as needed to carry out the duties of this Order.

The Court finds that the customary and usual post-judgment turnover receiver fee is 25% of the funds recovered during the receivership, subject to a later determination by the Court as to reasonableness based on evidence presented by the Receiver as to the work performed and the results obtained, as required by *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 842 (Tex. App.— Houston [14th Dist.] 2023, no pet.). The Receiver's fee will be taxed as a cost of court and will be added to the Judgment owed by the Judgment Defendant. Because this is a post-judgment receivership, no receiver bond is required. The Receiver is ordered to take the oath of his office. Any costs reasonably incurred in carrying out the terms of this Order shall be taxed against the Judgment Defendant as costs of court, and shall be collected by the Receiver from the Judgment Defendant, which shall be in addition to those sums and amounts provided for in the Judgment. Receiver is authorized to hire any person, firm, or company to further remedies available to Receiver, including hiring persons to change locks to the premises of non-exempt real property, excluding persons from interfering with Receiver's custody of the premises, moving or storing property,

collecting account receivables, or selling non-exempt property.

This Order also specifically serves as the court order required by Section 3(b) of the ICANN Uniform Domain Name Dispute Resolution Policy, and satisfies all obligations of the Receiver to obtain and receive a court order prior to changing and transferring the domain name registrations in any Judgment Debtor's name.

In addition to the other powers of the Receiver set forth herein, the Receiver also has the right, authority, and power to request and obtain from providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, satellite television services, internet website hosts, email hosts, ICANN providers, and all similar services (including AT&T, Time Warner, Verizon, Sprint, satellite TV provider, Direct TV, EV1, Google, Yahoo, Facebook, and internet blogs and chat rooms) the production of any information the Receiver believes may prove or lead to the discovery of the existence or location of any Judgment Debtor's whereabouts or non-exempt assets, including account information, payment history and financial information, telephone numbers, names, service addresses, IP addresses, call detail records, payment records, and bank and credit card information. This Order specifically serves as the court order required by 47 U.S.C. § 551 and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer. This Order also specifically defines the Receiver as a state official, acting in an official capacity, as defined in section 182.054(1) of the Texas Utility Code. The disclosure of information pursuant to this Order is not a violation of PUC Substantive Rule 25.272.

Receiver has the following rights, authority, and powers with respect to Judgment Debtor's property: (a) take all action necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any property of any Judgment Debtor may be situated; (b) hire any person or company necessary to accomplish any right or power under this Order (including real estate brokers to sell real property, auctioneers, accountants and attorneys as Receiver reasonably deems necessary); (c) obtain from any landlord, building owner, or building manager where any Judgment Debtor or any Judgment Debtor's business is a tenant copies of the Judgment Debtor's lease, lease application, credit application, payment history, and copies of such Judgment Debtor's checks for rent or other payments; (d) obtain from any financial institution, bank, credit union, credit bureau, savings and loan, accountant, title company, or other third party any financial records, including bank statements, credit reports, and tax returns belonging to or pertaining to any Judgment Debtor; (e) endorse and cash all non-exempt checks and negotiable instruments

payable to any Judgment Debtor, except paychecks for current wages; (f) hire a real estate broker to market and sell any non-exempt real property and mineral interest belonging to any Judgment Debtor; and (g) to insure any property belonging to any Judgment Debtor (but the Receiver does not have an obligation to insure any such property).

On at least three business days written notice by e-serve or email, Receiver may require Judgment Debtor to give testimony under oath on any topic related to the assets and financial condition of Judgment Debtor either in person or via video conferencing that Receiver may record, at Receiver's discretion, said testimony may be repeated as Receiver learns about the financial condition of Judgment Debtor.

If the Defendant, Judgment Debtor or Respondent referenced above is an individual, the following applies to that Defendant, Judgment Debtor or Respondent: "Personal Property Rights of Judgment Debtor: Receiver must comply with Texas Rule of Civil Procedure 679b. Receiver to Hold Property: Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Judgment Debtor with the Notice of Protected Property Rights, the Instructions for Protected Property Claim Form, and the Protected Property Claim Form approved by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtor asserts an exemption, Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtor's written consent or a court order."

All persons and entities are hereby put on notice that the Receiver, to the exclusion of the Judgment Debtor, is the party authorized to manage, possess, and liquidate any non-exempt property belonging to Jorge Romo, Jr. Financial institutions and other third parties are ordered not to transfer any property to the Judgment Debtor without Receiver's written direction.

Judgment Debtor is **ORDERED** to deliver to the Receiver within ten days of this Order being signed, at the address above, a complete and accurate copy of: (i) each monthly statement for each month after December 1, 2022 for each depository account in which Judgment Debtor has an interest, is a signatory, and is named on the account; (ii) each Certificate of Deposit in which Judgment Debtor has an interest; (iii) each insurance policy in which Judgment Debtor is a named insured from 2023, 2024 and 2025; (iv) each tax return Judgment Debtor has filed during 2023, 2024 and 2025; (v) each 1099, K-1 and W2 Judgment Debtor has received during 2023, 2024 and 2025; (vi) each agreement to which Judgment Debtor is a party effecting ownership of his assets currently in effect; and (vii) for the tax years 2022, 2023 and 2024, each tax return that has been filed for each entity that Judgment

Debtor has or had any ownership interest.

**IT IS THEREFORE ORDERED THAT:**

The following physical assets are owned and controlled by Defendant, are non-exempt, available and subject to turnover: (1) an apartment located at: 6607 Lake Woodlands Drive #213, the Woodlands, Texas 77382; (2) strip of land located at 0 Harwin Dr., Houston TX 77072; (3) 2023 Cadillac Escalade, 1GYS4SK97PR545732; (4) 2025 McLaren GTS SBM22GCA6SW003105; (5) 2024 Rolls Royce Spectre, SCATK2C02RU223328; and (6) 2025 Rolls Royce Cullinan, SLA13HA04SU226697.

The following financial accounts are owned and controlled by Defendant, are non-exempt, and subject to turnover: (1) Amegy Account #: 5803046373; (2) First Financial Bank Account #: 146110005429; (3) International Bank of Commerce Account #: 2117336159; (4) Wells Fargo account, number unknown; (5) PNC account, number unknown; (6) Ameritrade account, number unknown; (7) Crypto.com account, number unknown; (8) Charles Schawb account, number unknown; (9) Robin Hood account, number unknown; and (10) Paypal Account #: 33349107511

The following corporate shares are owned and controlled by Defendant, are non-exempt, available and subject to turnover: (1) 13 Rattle Western Wear, Inc., 20% share; (2) Airport BW Hospitality, Inc., 100% share; (3) Airport Hospitality Ventures, Inc., 100% share; (4) Bayou Hospitality SW Inc., 100% share; (5) Global Coast Services, Inc., 50% share; (6) The Development Group, Inc., 100% share; (7) Cross Hydraulica S.A. DE C.V., majority share; and (8) Grupo Industrial Equipos Romo S.A.P.I., majority share.

Defendant and his agents or representatives refrain from interfering with or hindering the transfer or assignment of the identified property or the disbursement of any funds from the identified property, or encumbering any of the identified property.

**IT IS THEREFORE ORDERED THAT:**

The following membership interests are owned and controlled by Defendant, are non-exempt, available and subject to a charging order: (1) Acquisition Services Group, LLC, 100% membership interest; (2) Bayou Hospitality Real Estate Fund,

LLC, 100% membership interest; (3) Global Fund Management, LLC, 100% membership interest; (4) Hotel Cali Venture, LLC, 100% membership interest; (5) Hotel Holdings Group OP, LLC, 100% membership interest; and (6) Lone Star Painting and Repair, LLC, 50% membership interest.

Each Charged Entity shall: (i) record the existence and contents of this Order in its books and records of account; (ii) separately account and maintain separate records for all distributive shares of the profits and surpluses of the Charged Entities including cash or other property distributions due to any Defendant from the Charged Entities, and make such accountings and records available to Plaintiff upon request; and (iii) within fourteen days of the date of any distribution to Defendant in relation to Defendant's membership or partnership interest, deliver to Plaintiff all such cash and other property distributable or due to any Defendant from such Charged Entities.

This Order shall constitute a lien Defendant's membership or partnership interest in each Charged Entity and in any distribution made by the Charged Entities to any Defendant in relation to such Defendant's membership or partnership interest.

To the extent any third-party entity, specifically including financial entity, is requested by Defendant to distribute any monies or property by any Charged Entity or its representatives, said third party entity shall refrain from doing so and instead convey said disbursement to Plaintiff.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on July 7, 2025.

Dena Palermo

Dena Hanovice Palermo
United States Magistrate Judge